IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| HANK BERKLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:20-CV-186-BR |
| | § | |
| EX DEPUTY DANIEL SPAIN ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court are Hank Berkley's ("Plaintiff") Complaint and Questionnaire and Declaration. (ECF 1, 18). Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff consented to proceed before the United States Magistrate Judge for all proceedings. (ECF 5). This case was reassigned to Magistrate Judge D. Gordon Bryant, Jr., on October 6, 2020. (ECF 8). The case was reassigned to the undersigned on January 3, 2022. The Court must always examine its own jurisdiction to hear legal disputes. For the reasons explained below, the Court DISMISSES the Complaint with prejudice until such time as Plaintiff's conviction has been reversed or otherwise declared invalid.

Plaintiff filed a complaint naming Ex Deputy Daniel Spain, Deputy L. Montgomery, and Sheriff Terry Morgan as defendants, alleging that they were wrongfully holding him on false charges. (ECF 1). The Court required Plaintiff to provide further information regarding his claims, and he did so. (ECF 18). At the time Plaintiff provided his answers to the Court's questionnaire, he was still a pretrial detainee. Thus, the best practice was for the Court to stay the case until the pending criminal case was resolved. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019). Public records now

reflect that Plaintiff has been convicted of the alleged false charges and is incarcerated in the Robertson Unit of the Texas Department of Criminal Justice. (*See* ECF 21 (notice of change of address); www.inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid+07709811).

The law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.*, 512 U.S. at 486. If Plaintiff's goal is to obtain release from custody, he must pursue that relief under 28 U.S.C. § 2254 after exhausting his state court remedies. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Because Plaintiff's claims are not cognizable at this time, the Court orders that this case is dismissed with prejudice until such time as the requirements of *Heck* are met.

IT IS SO ORDERED.

ENTERED on March 6, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE